**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St., Suite 780**
**Woodland Hills, CA 91367**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddflaw.com**
**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVEN JOHNSON,** | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | 1. Violation of Federal Fair Debt Collection Practices Act |
| **WELLS FARGO BANK, NATIONAL ASSOCIATION**; **COLLECTION AT LAW, INC.**; and DOES 1-10 inclusive, | 2. Violation of Rosenthal Fair Debt Collection Practices Act |
| Defendant. | **JURY REQUESTED** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") and the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

///

Complaint - 1

## II. JURISDICTION & VENUE

2. The action in this complaint arises under a federal question, namely the FDCPA, 15 U.S.C. § 1692, *et seq.*, and jurisdiction therefore proper pursuant to 28 U.S.C. § 1331. Plaintiff's state law claim for Defendant's violations of the RFDCPA, Cal. Civ. Code § 1788, *et seq.*, arises under the same set of facts as Plaintiff's federal question, and supplemental jurisdiction is therefore proper pursuant to 28 U.S.C. § 1367(a).

3. The main events giving rise to this action occurred within this district, and venue is therefore proper pursuant to 28 U.S.C. § 1391(b)(2).

## III. PARTIES

4. Plaintiff, STEVEN JOHNSON ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California, and is a "debtor" as defined by Cal. Civ. Code §1788.2(h) and a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5. At all relevant times herein, Defendant WELLS FARGO BANK, NATIONAL ASSOCIATION ("WELLS FARGO"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f), and "debt," as defined by 15 U.S.C. §1692a(5). WELLS FARGO regularly attempts to collect debts alleged to be due to it, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c).

6. At all relevant times herein, Defendant COLLECTION AT LAW, INC. ("COLLECTION"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f), and "debt," as defined by 15 U.S.C. §1692a(5). COLLECTION regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c) and FDCPA, 15 U.S.C. §1692a(6).

7. Defendants WELLS FARGO and COLLECTION acted in concert and as an agent and principle of the other in connection with collection on an alleged debt, and they will thereby be referred to hereinafter and collectively as "Defendants".

8. The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## IV. FACTUAL ALLEGATIONS

10. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

11. In or around June of 2015, Defendants initiated a lawsuit against Plaintiff in an effort to collect on an alleged debt.

12. In or around September of 2016, Defendants filed a proof of service stating that they served Plaintiff's former spouse or "ex-wife" instead of serving Plaintiff personally. Defendants claimed to have served Plaintiff in Whittier, CA.

13. However, Plaintiff has not lived in Whittier, CA for the past four years.

14. Furthermore, Defendants have known Plaintiff's current address at all relevant times because Defendants have sent him mail to his current address.

15. In other words, Defendants never properly notified Plaintiff of any legal action taken against him despite knowing his current and true address at all relevant times.

16. In or around February of 2017, Defendants docketed a default judgment against Plaintiff.

17. In or around May of 2017, Defendants deducted approximately $4,000.00 from Plaintiff's bank account, and as a result, they left him with almost no money with which to pay for basic necessities.

18. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

19. Defendant's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

    a) Engaging in conduct the natural consequences of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d);

    b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (15 U.S.C. § 1692e(10)); and

    c) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (15 U.S.C. § 1692f).

20. As a result of the above violations of the RFDCPA and FDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF
## FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff reincorporates by reference all of the preceding paragraphs.

22. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff reincorporates by reference all of the preceding paragraphs.

24. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as may be just and proper.

## **TRIAL BY JURY**

25.   Plaintiff requests a trial by jury for all claims thereby triable pursuant to his rights under the Seventh Amendment to the United States Constitution.

Respectfully submitted this 1st day of June, 2017.

                By:   /s/ Todd M. Friedman, Esq.
                      Todd M. Friedman, Esq.
                      Law Offices of Todd M. Friedman, P.C.
               Attorney for Plaintiff, STEVEN JOHNSON